ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EDIBIA MARTÍNEZ DOMENA<br>Recurrido<br><br>v.<br><br>RETAIL VALUE, INC. H/N/C CENTRO COMERCIAL PLAZA DEL NORTE Y OTROS<br>Peticionario | KLCE202500378<br>Consolidado con<br>KLCE202500390 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Hatillo<br><br>Caso Núm.<br>HA2023CV00064<br><br>Sobre:<br>Caída |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

## RESOLUCIÓN

En San Juan, Puerto Rico, a 12 de mayo de 2025.

Comparecen ante nos Retail Value Inc. h/n/c Centro Comercial Plaza del Norte y su aseguradora, Chubb Insurance Company, así como CTM Group Inc. y su aseguradora, Admiral Insurance Company (en conjunto los peticionarios). Solicitan la revocación de una *Resolución* notificada por el Tribunal de Primera Instancia, Sala Superior de Hatillo (TPI o foro primario) el 17 de enero de 2025. En esta, el TPI denegó una solicitud de sentencia sumaria promovida por los peticionarios.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari* instado.

## I.

La demanda presentada por la señora Edibia Martínez Domena (señora Martínez Domena o recurrida) contra los aquí peticionarios, se originó como consecuencia de una caída sufrida por ella, el 12 de junio de 2021, en el Centro Comercial Plaza del Norte. En su demanda, interpuesta el 8 de marzo de 2023, la señora Martínez Domena solicitó resarcimiento por los daños y perjuicios, así como angustias mentales sufridos. En particular, solicitó

remedios por los daños físicos causados por el desgarre en el tendón rotuliano de su rodilla izquierda que requirió cirugía, así como por las dolencias que persisten, a pesar de las doce sesiones de terapias físicas administradas por orden médica. Los peticionarios acreditaron sus respectivas alegaciones responsivas y se autorizó el descubrimiento de prueba.

Así las cosas y atinente al recurso ante nos, CTM Group y Admiral Insurance Company presentaron una *Moción de sentencia sumaria bajo la modalidad de insuficiencia de prueba*. En esta propusieron 22 hechos incontrovertidos. Como argumento central a su petitorio dispositivo, destacaron que, al concluir la etapa de descubrimiento de prueba, resulta evidente que la señora Martínez Domena no cuenta con prueba alguna para sustentar sus alegaciones de negligencia. A su entender, la prueba incluyó un video que demuestra que, la recurrida cayó al suelo por caminar extremadamente cerca de la plataforma, a pesar de tener amplio espacio y no mirar donde estaba caminando. Expusieron que, no se estableció que existiera condición de peligrosidad alguna en el área que ocurrió el accidente. Añadieron que, la promovente de la acción descansa en su propio testimonio para establecer el nexo causal que resulta insuficiente para que puedan realizar una determinación clara y específica sobre negligencia.[1] Por su parte, Retail Value Inc. h/n/c Centro Comercial Plaza del Norte y Chubb Insurance Company of P.R. se unieron al referido petitorio sumario.

En reacción, la recurrida incoó una *Réplica a solicitud de sentencia sumaria* en la que planteó los siguientes argumentos, a saber: 1) que no se permita dirimir cuestiones de credibilidad en un procedimiento de sentencia sumaria; 2) que en la prueba anunciada se incluya un video y fotografías estipuladas que evidencian la

---

[1] Apéndice, págs. 24-92, KLCE202500378. Junto a su petitorio incluyó el siguiente documento: Anejo 1-Deposición tomada a la señora Edibia Martínez Domena.

negligencia crasa de los peticionarios; 3) que existen 15 fotografías del área tomadas por el investigador de Chubb que demuestran la negligencia imputada; 4) que existe un informe médico pericial suscrito por el cirujano, Dr. Rolando Colón Nebot; y 5) que los extractos de la deposición utilizadas para sustentar la postura de la peticionaria excluye de forma deliberada las respuestas de la señora Martínez Domena.[2] CTM Group y Retail Value, junto a sus aseguradoras, presentaron una dúplica y réplica adicional, en aras de contrarrestar lo expresado por la señora Martínez Domena. Previo a emitir su dictamen el foro primario celebró una vista el 12 de diciembre de 2024.

Evaluado lo anterior, el TPI emitió la *Resolución* recurrida, en la que consignó las siguientes determinaciones de hechos:

1. Alrededor de las 2:00 de la tarde del sábado, 12 de junio de 2021, la demandante Edibia Martínez Domena acudió al Centro Comercial Plaza del Norte. Se proponía visitar la tienda Sally. Entró por la puerta del lado norte de Plaza del Norte porque justo al lado izquierdo de esa entrada está ubicada la tienda Sally.
2. El 12 de junio de 2021 la parte demandante sufrió una ca[í]da mientras se encontraba en Plaza del Norte.
3. Ese 12 de junio de 2021 no era la primera vez que la demandante iba a Plaza del Norte.
4. Para el 12 de junio de 2021, Plaza del Norte había colocado en esa entrada un mueble con el propósito de implementar los protocolos del COVID 19.
5. La ca[í]da de la parte demandante fue grabada en su totalidad por las c[á]maras de seguridad de Plaza del Norte.
6. A la fecha de la ca[í]da la demandante tenía 76 años de edad y se asistía de un bastón para deambular porque se le habían practicado previamente reemplazos de rodillas.
7. Para la fecha del accidente existía una plataforma de madera, propiedad de CTM y en la que CTM tenía colocada máquinas de entretenimiento sobre la plataforma.
8. El d[í]a de los hechos el centro comercial estaba iluminado.
9. El d[í]a de los hechos el centro comercial no estaba oscuro.
10. El piso del centro comercial es un color claro.
11. La plataforma con la que tropezó la demandante es color Brown.
12. La plataforma con la que tropezó la demandante hace contraste con el piso.[3]

---

[2] Apéndice, págs. 95-138, KLCE202500378. Con su escrito incluyó los siguientes: Anejo 1-9, fotos, Anejo 10-vídeo; Anejos 11-12, fotos; Anejo 13-Evaluación Médico Independiente del Dr. Rolando Colón Nebot; y Anejo 14-Rótulos de Advertencia;
[3] Apéndice, KLCE202500378, págs. 175-176.

Al concluir su dictamen, el foro primario determinó que, la señora Martínez Domena cuenta con prueba documental, material pericial y testifical para probar sus alegaciones, por lo que, no procede la desestimación de la causa y ante la existencia de controversias de hechos materiales que persisten, se hace necesaria la celebración de un juicio plenario.

Oportunamente, los peticionarios solicitaron reconsideración, respectivamente. Las mismas fueron denegadas por el TPI, mediante *Resolución* notificada el 12 de marzo de 2025.

Inconforme, Retail Value h/n/c Centro Comercial Plaza del Norte y Chubb Insurance Company, comparecieron ante nos en el recurso número KLCE202500378 y señalan lo siguiente:

> Incurrió en error craso y manifiesto al declarar no ha lugar la solicitud de sentencia sumaria presentada por las peticionarias y determinar que la recurrida cuenta con prueba documental, material, pericial y testifical para probar sus alegaciones y que existen hechos materiales que están en controversia que hacen neces[a]rio la celebración de un juicio plenario, cuando claramente no existe prueba sobre acto u omisión negligente de la peticionaria ni nexo causal con los daños sufridos por la recurrida.

Mediante el recurso núm. KLCE202500390, compareció CTM Group, Inc. y Admiral Insurance Company y alegan que el foro primario cometió los siguientes errores:

> Erró el TPI al determinar que la parte recurrida cuenta con prueba suficiente para sostener su causa de acción por negligencia contra CTM, a pesar de que no presentó prueba pericial alguna sobre el incumplimiento de un deber de cuidado ni sobre la existencia de una condición peligrosa imputable a CTM Group, Inc.

> Erró el TPI al negarse a considerar la réplica presentada por CTM el 27 de febrero de 2025, a pesar de que la misma fue radicada con apenas un día de retraso y que su admisión fue solicitada mediante moción debidamente fundamentada.

La parte recurrida acreditó su *Oposición a los Recursos de Certiorari Presentados por las Demandadas Recurrentes,* el 7 de mayo de 2025, por lo que con el beneficio de la comparecencia de las partes procedemos a resolver.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias

específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari*. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.*

## B. Sentencia Sumaria

El mecanismo de sentencia sumaria está codificado en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36. *Jiménez Soto y otros v. Carolina Catering Corp. y otros,* 2025 TSPR 3, resuelto el 14 de enero de 2025. Cabe señalar que, esta herramienta permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no existe duda sobre los hechos esenciales y se cuenta con la evidencia necesaria, de manera que, solo resta aplicar el derecho. *Íd.*; *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp., et als.*, 2025 TSPR 6, resuelto el 15 de enero de 2025. Este cauce sumario -invocable tanto por la parte reclamante como por quien se defiende de una reclamación- resulta beneficioso para el tribunal y para las partes, pues agiliza el proceso judicial mientras, simultáneamente, provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Jiménez Soto y otros v. Carolina Catering Corp. y otros,* supra.

Como se sabe, procede dictar sentencia sumaria si se desprende de las alegaciones, deposiciones, declaraciones juradas, contestaciones a interrogatorios, admisiones ofrecidas, entre otros, que no existe controversia real sustancial sobre un hecho esencial y pertinente, y siempre que el derecho aplicable así lo justifique. *Consejo de Titulares del Condominio Millennium v. Rocca Development Corp., et als.*, supra.

De manera que, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* 2025 TSPR 1, resuelto el 7 de enero de 2025. Por ello, una parte demandada puede solicitar sentencia sumaria <u>ante la insuficiencia de prueba sobre todos los elementos indispensable de su causa de</u>

acción. *Íd.* El promovente de la referida solicitud debe demostrar que: 1) la vista es innecesaria; 2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial, y 3) como cuestión de derecho procede la desestimación de la reclamación. *Ramos Pérez v. Univisión* 178 DPR 200, 217-218 (2010); *Medina v. M.S. & D. Química P.R., Inc.,* 135 DPR 716 (1994). Para ello, es indispensable que se le haya brindado al promovido amplia oportunidad para realizar un descubrimiento de prueba adecuado. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023); Regla 36.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3.

Nótese que, si el promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 111 (2015). Además, el promovente de una solicitud de sentencia sumaria ha de acompañar su petitorio con prueba de la cual surja preponderantemente la ausencia de controversias sobre los hechos

medulares del caso. *Birriel Colón v. Econo y otro,* 213 DPR 80 (2023). Es un hecho medular el que puede afectar el resultado de la reclamación, conforme al derecho sustantivo aplicable. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* supra.

Cabe destacar que, la parte que desafía una moción de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *Íd.*; *León Torres v. Rivera Lebrón,* 204 DPR 20, 43 (2020). Por el contrario, la Regla 36.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c), obliga a quien se opone a que se declare con lugar esta solicitud a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *León Torres v. Rivera Lebrón,* supra. A esos efectos, deberá sustentar con evidencia sustancial los hechos materiales que entiende están en disputa. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc. y otro,* supra.

Por ello, en la oposición a una solicitud de sentencia sumaria, el promovido debe detallar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos, deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3(d) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(d). *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.*

Cabe puntualizar que, a tenor de la normativa aplicable, si la parte promovida opta por no oponerse al petitorio sumario,

conforme a las Reglas de Procedimiento Civil, *supra,* se arriesga a que el TPI dicte sentencia en su contra, si procede en derecho. Véase, Regla 36.3(c) de las Reglas de Procedimiento Civil, *supra; León Torres v. Rivera Lebrón,* supra. Entiéndase que, el mero hecho de que la parte promovida no presente una oposición o, de presentarla, no cumple con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra,* ello no obliga al juzgador de los hechos a automáticamente disponer del asunto por la vía sumaria. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 432 (2013). Lo antes está sujeto a la sana discreción del Tribunal. *Íd.*, págs. 432-433.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra, pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz, López v. Casa Bella y otros,* 213 DPR 980 (2024). Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v.*

*Walgreens,* 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.*

**III.**

En la presente causa los peticionarios plantean que, el Tribunal de Primera Instancia erró al denegar el petitorio sumario según presentado. En específico, aducen que el foro primario incidió al concluir que, la señora Martínez Domena cuenta con suficiente prueba para probar sus alegaciones. A su entender, la recurrida no cuenta con prueba pericial para establecer condiciones peligrosas o incumplimiento de estándares de seguridad, en aras de establecer el nexo causal entre la negligencia imputada y los presuntos daños sufridos. A esos efectos, argumentaron que, nos corresponde expedir el auto de *certiorari,* revocar el dictamen recurrido y ordenar la desestimación de la demanda con perjuicio.

Por su parte, la recurrida sostiene que el foro primario no incidió al denegar el petitorio sumario, por lo que, en ausencia de error manifiesto no procede la expedición del auto de *certiorari.* Destaca que, el Tribunal Supremo (en *Ocasio Juarbe v. Eastern Airlines,* 125 DPR 410, 418 (1990), *Oliveras v. Abreu,* 101 DPR 209, 229 (1973) y *Quiñones v. Duarte Mendoza,* 112 DPR 223, 225 (1982)), resolvió como regla general que, el testimonio pericial es un mecanismo para auxiliar al juzgador de los hechos y la ausencia de dicha prueba no obliga necesariamente la desestimación de la causa de acción instada. Arguye que, el TPI resolvió sabiamente que la prueba estipulada y lo expresado por la recurrida en su deposición derrotaron la solicitud de sentencia sumaria bajo la modalidad de insuficiencia de prueba. Además, que siendo un caso sobre negligencia, donde existen controversias de intención y credibilidad, no debe prosperar la adjudicación de la causa por la vía sumaria. Por último, aduce que, los peticionarios tuvieron oportunidad de

presentar sus argumentos mediante sus solicitudes de reconsideración. Plantean que, la réplica instada con posterioridad no fue considerada por no añadir argumento adicional a lo ya sometido ante la consideración del foro primario. Por ello, nos solicita que declaremos no ha lugar la expedición del auto de *certiorari* instado.

Como se sabe, nos compete evaluar si en este caso se reúnen los criterios esbozados en la Regla 40, *supra,* que fundamenten nuestra intervención en el dictamen recurrido. A esos efectos y en atención a los señalamientos de los peticionarios, debemos revisar *de novo* el petitorio sumario, según presentado, y la correspondiente oposición de la recurrida, para así evaluar si el foro primario abusó de su discreción e incurrió en error manifiesto al denegar la solicitud de sentencia sumaria por insuficiencia de la prueba.

Tras realizar un examen *de novo* del petitorio sumario junto a la correspondiente oposición y en el ejercicio de nuestra discreción al amparo de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, concluimos que, no procede nuestra intervención sobre el dictamen interlocutorio recurrido.

En primer lugar, observamos que los promoventes de la moción de sentencia sumaria consignaron sus hechos propuestos con referencias a los documentos anejados a su escrito y presentaron sus argumentos en derecho para sustentar la desestimación de la causa instada por la vía sumaria. Asimismo, se desprende del escrito de la recurrida que, atendió las propuestas de los peticionarios de forma organizada al aceptar los hechos números 7, 8 y 9 y rechazar los demás, en aras de demostrar que cuenta con suficiente evidencia para la celebración de una vista en su fondo.

Superado lo anterior, y luego de justipreciar la totalidad del expediente colegimos que, el TPI evaluó la totalidad de los documentos y material evidenciario presentados y determinó que,

resultaban suficientes para autorizar la continuación de los procesos, así como la celebración de una vista en su fondo. Se destacó que, la recurrida cuenta con videos y fotografías que ameritan ser evaluados por el juzgador de los hechos y que existen múltiples controversias medulares que no permiten la adjudicación de la reclamación por la vía sumaria.

De lo antes, apreciamos que, el foro primario constató que los promoventes de la moción dispositiva no lograron establecer de forma fehaciente que, la vista era innecesaria o que la recurrida no cuenta con evidencia suficiente para probar hechos esenciales. De otra parte, tampoco lograron convencer al tribunal que procede la desestimación de la reclamación, como cuestión de derecho. Además, observamos que, el TPI consideró que el dictamen según solicitado, por la vía sumaria, no procede cuando existen controversias medulares sobre elementos mentales de intención y asuntos de credibilidad pendientes ante el juzgador o juzgadora de los hechos. A esos efectos, no identificamos que, en este caso, el foro recurrido se haya apartado de la normativa que guía el análisis del petitorio sumario promovido por los peticionarios.

En atención al cuestionamiento sobre la determinación del TPI de no atender una réplica (ante su presunta presentación con un día de atraso) colegimos que, lo intimado por los peticionarios corresponde al manejo del caso, por lo que, no se justifica nuestra intervención sobre este asunto interlocutorio. Añádase a ello que, de nuestro análisis del recurso instado, colegimos que, el peticionario falló en demostrar que el TPI haya actuado con pasión, prejuicio, parcialidad, o que haya incurrido en craso abuso de discreción o en error manifiesto o de derecho al denegar su petitorio sumario, a los fines de que ejerzamos nuestra facultad revisora en esta etapa de los procedimientos. Tampoco identificamos fundamento alguno que

justifique la expedición del auto de *certiorari* en aras de evitar un fracaso a la justicia.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones